```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                             Case No. 16-02879-RNO
Christopher Fisher                                                 Chapter 13
Tina Fisher
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-1           User: CGambini             Page 1 of 2             Date Rcvd: Aug 30, 2016
                               Form ID: pdf002            Total Noticed: 44


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 01, 2016.
db/jdb         +Christopher Fisher,    Tina Fisher,    1221 North Seventh Street,    Lebanon, PA 17046-4303
4810637        +AES/PNC Education,    PO Box 61047,    Harrisburg, PA 17106-1047
4810640        +Best Buy/CBNA,    PO Box 6497,    Sioux Falls, SD 57117-6497
4810641        +Bradley Fisher,    1221 North Seventh Street,    Lebanon, PA 17046-4303
4810642       ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                (address filed with court: Capital One Bank Usa N,    PO Box 85015,    Richmond, VA 23285-5075)
4826909         Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
4810644        +Capital One/Boscov's,    50 Northwest Point Road,    Elk Grove Village, IL 60007-1032
4810643        +Capital One/Boscov's,    26525 N Riverwoods Boulevard,    Mettawa, IL 60045-3439
4810645        +Chase Bank Usa, NA,    201 N. Walnut St//De1-1027,    Wilmington, DE 19801-2920
4810646        +Chase Bank Usa, NA,    PO Box 15298,    Wilmington, DE 19850-5298
4810647        +Chase Card,    PO Box 15298,    Wilmington, DE 19850-5298
4810648         Chase Mortgage,    PO Box 24696,    Columbus, OH 43224-0696
4810649        +Citicards CBNA,    701 E 60th St N,    Sioux Falls, SD 57104-0432
4810650        +Comenity Bank/Victoria's Secret,    PO Box 182789,    Columbus, OH 43218-2789
4810651        +Comenity Capital/Boscov's,    PO Box 182120,    Columbus, OH 43218-2120
4810653        +Discover Personal Loans,    502 East Market St,    Greenwood, DE 19950-9700
4810654        +Good Samaritan Hospital,    c/o CBCS,    PO Box 2724,    Columbus, OH 43216-2724
4810655        +JP Morgan Chase Bank,    PO Box 24696,    Columbus, OH 43224-0696
4810656        +Lancaster Neuroscience Spine,    1671 Crooked Oak Drive,    Lancaster, PA 17601-4273
4810657        +Lebanon EMA,    c/o B & B Collections, Inc.,    PO Box 2137,    Toms River, NJ 08754-2137
4810658        +Lebanon Imaging Associates, P.C.,    PO Box 371863,    Pittsburgh, PA 15250-7863
4810659        +Lebanon Imaging Associates, PC,    c/o National Recovery Agency,    2491 Paxton Street,
                 Harrisburg, PA 17111-1036
4810661        +MS Hershey Medical Center,    PO Box 643291,    Pittsburgh, PA 15264-3291
4810662        +MSHMC Physicians Group,    PO Box 643313,    Pittsburgh, PA 15264-3313
4810660         Met Ed,    Post Office Box 3687,    Akron, OH 44309-3687
4810663         Onemain Financial,    1000 Carlisle St Suite 14B,    Hanover, PA 17331-1122
4810636         PA Department of Revenue,    Bureau of Individual Taxes,    Dept 280431,
                 Harrisburg, PA 17128-0431
4815669        +PHEAA,    PO Box 8147,    Harrisburg, PA 17105-8147
4810664        +Penn State Hershey,    c/o Bureau of Account Management,    3607 Rosemont Avenue,
                 Camp Hill, PA 17011-6943
4813821         State Farm Bank, FSB,    Attn: Bankruptcy Dept.,    PO Box 2328,    Bloomington, IL 61702-2328
4810666        +State Farm Fncl Svcs F,    3 State Farm Plaza,    Bloomington, IL 61791-0002
4810671        +WellSpan Good Samaritan Hospital,    PO Box 4217,    Lancaster, PA 17604-4217
4817238         Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Se,    PO Box 19657,    Irvine CA 92623-9657
4810670        +Wells Fargo Dealer Services,    PO Box 17900,    Denver, CO 80217-0900

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4810638        +E-mail/Text: servicing@afcfirst.com Aug 30 2016 19:28:11     AFC First Financial Corporation,
                 PO Box 824926,    Philadelphia, PA 19182-4926
4810639        +E-mail/Text: banko@berkscredit.com Aug 30 2016 19:27:39     Berks Credit & Coll,    PO Box 329,
                 Temple, PA 19560-0329
4810652         E-mail/Text: mrdiscen@discover.com Aug 30 2016 19:27:27     Discover Financial Services,
                 PO Box 15316,    Wilmington, DE 19850-5316
4812650         E-mail/Text: mrdiscen@discover.com Aug 30 2016 19:27:27     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
4813977        +E-mail/Text: dplbk@discover.com Aug 30 2016 19:28:03     Discover Personal Loans,
                 PO Box 30954,    Salt Lake City, UT 84130-0954
4810635         E-mail/Text: cio.bncmail@irs.gov Aug 30 2016 19:27:35     Internal Revenue Service,    POB 7346,
                 Philadelphia, PA 19101-7346
4810665        +E-mail/Text: ebn_bkrt_forms@salliemae.com Aug 30 2016 19:28:09     Sallie Mae,    PO Box 3319,
                 Wilmington, DE 19804-4319
4810667        +E-mail/PDF: gecsedi@recoverycorp.com Aug 30 2016 19:24:06     Syncb/Care Credit,
                 950 Forrer Boulevard,    Kettering, OH 45420-1469
4810668        +E-mail/PDF: gecsedi@recoverycorp.com Aug 30 2016 19:24:06     Syncb/Old Navy Dc,
                 Po Box 965005,    Orlando, FL 32896-5005
4810669        +E-mail/PDF: gecsedi@recoverycorp.com Aug 30 2016 19:24:06     Syncb/Walmart,    PO Box 965024,
                 Orlando, FL 32896-5024
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2016                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 30, 2016 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Joint Debtor Tina  Fisher gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              Gary J Imblum    on behalf of Debtor Christopher  Fisher gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              Joseph P Schalk    on behalf of Creditor    JPMorgan Chase Bank, National Association
               pamb@fedphe.com
              Joshua I Goldman    on behalf of Creditor    JPMorgan Chase Bank, National Association
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                           TOTAL: 6
```

IN RE:  
Christopher Fisher  
Tina Fisher  

: CHAPTER 13  
: CASE NO. _____  
:  
: CHAPTER 13 PLAN  
: (Indicate if applicable)  
: ☑ #1 MOTIONS TO AVOID LIENS  
: ☑ #1 MOTIONS TO VALUE COLLATERAL  
:  
: ☑ ORIGINAL PLAN  
: ☐ AMENDED PLAN  
: (Indicate 1ST, 2ND, 3RD, etc.)

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE:** (Check One)

☑ The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

☑ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. Plan Payments

   1. To date, the Debtor(s) has paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$55,000.00**, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 08/15 | 02/20 | 1,000.00 | 0.00 | 55,000.00 |
| 03/20 | 07/20 | 0.00 | 0.00 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Payments: | $55,000.00 |

Rev. 09/01/14

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE:  ☐ Debtor(s) is at or under median income
   ☒ Debtor(s) is over median income. Debtor(s) calculates that a minimum of **$35,224.80** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $___ from the sale of property known and designated as ___. All sales shall be completed by ___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

3. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

A. Pre-Confirmation Distributions. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| State Farm Financial Services | 3 State Farm Plaza, Bloomington, IL 61791 | 0001 | 143.99 |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. Mortgages and Other Direct Payments by Debtor. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|

2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:16-bk-02879-RNO    Doc 8    Filed 07/13/16    Entered 07/13/16 15:03:02    Desc

Case 1:16-bk-02879-RNO    Doc 20    Filed 09/01/16    Entered 09/02/16 00:56:18    Desc
Imaged Certificate of Notice    Page 4 of 8

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Chase Mortgage | Residence: 1221 North Seventh Street, Lebanon, PA 17046<br>Contractual monthly payments per loan documents (estimated to be $793.00); Principal balance of claim per loan documents (estimated to be $98,885.00) | $793.00 | $98,885.00 |
| Wells Fargo Dealer Services | 2014 Chevrolet Cruze | $286.78 | $15,000.35 |

C. Arrears. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase Mortgage | Residence: 1221 North Seventh Street Lebanon, PA 17046<br>Pre-petition arrears per POC (estimated to be $2,379.00); Estimated total to be paid in Plan - $2,379.00 | As per POC | $0.00 | As per POC |
| Wells Fargo Dealer Services | 2014 Chevrolet Cruze<br>Pre-petition arrears per POC (estimated to be $0.00); Estimated total to be paid in Plan - $0.00 | As per POC | $0.00 | As per POC |

D. Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| JP Morgan Chase Bank | Residence: 1221 North Seventh Street Lebanon, PA 17046 | $0.00 | 0% | $0.00 | Adversary |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| State Farm Financial Services | 2012 Toyota Rav 4 | $14,399.00 | 4.5% | $16,106.42 |

F. Surrender of Collateral. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| -NONE- | |

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| -NONE- | |

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>
Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the Debtor to do the following:

   (1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

   (2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

   (3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

   B. <u>Administrative Claims</u>:

   (1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. Check one box:

   ☐ In addition to the retainer of $___ already paid by the debtor, the amount of $___ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

   ☑ $ <u>see 8A</u> per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

   (3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

   B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

6. **REVESTING OF PROPERTY:** (Check One)
   ☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)
   ☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   A. <u>Student loan provisions.</u> This plan does not seek to discharge student loan(s) except as follows:

   (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

| | |
|---|---|
| 2B. | Stated amounts are estimates. Actual amounts are to be determined in accordance with the loan documents. |
| 2(C) and 2(E) | Amounts stated are estimated. Payment will be made of the pre petition arrearage as stated in a timely filed Proof of Claim. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties. Debtor(s) waive the right to object to these claims after the Plan is confirmed. |
| 2F. | The collateral being surrendered is being surrendered in full satisfaction of debt. |
| 3A. | IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced on page 5 shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan. |
| | Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims. |
| 3B(2) | Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel. |

Rev. 09/01/14

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____

Gary J. Imblum 42606
Attorney for Debtor

Christopher Fisher
Debtor

Tina Fisher
Joint Debtor